IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD ALSUP, ROBERT CREWS, and MAGNUM PROPERTIES, L.L.C., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )   CIVIL NO. 05-287-GPM ) |
| 3-DAY BLINDS, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Before the Court is the issue of the Court's subject matter jurisdiction. In accordance with this Court's normal practice on these issues, the case was set for a hearing on Plaintiffs' motion to remand on August 22, 2005. After reviewing the parties' written submissions, the Court concluded that oral argument would add nothing and only result in the expenditure of more time and expenses by all involved. Accordingly, the hearing was canceled with a promise that this written order would follow.

## BACKGROUND

This class action lawsuit asserts state law claims[1] for damages by purchasers of mini blinds. It was filed in Madison County, Illinois, on February 17, 2005, and removed to this Court on April 20, 2005, by Defendant Mitchell Blind and Shade Company ("Mitchell Blind"). Removal is

---

[1] Count 1 - negligence; Count 2 - Illinois Deceptive Practices Act; Count 3 - Breach of Implied Warranty; Count 4 - Breach of Express Warranty; Count 5 - Civil Conspiracy; and Count 6 - Breach of Implied Warranty Under the Magnuson-Moss Act.

premised upon 28 U.S.C. § 1452 because it allegedly arises under and is related to cases pending under the United States Bankruptcy Code and the CLASS ACTION FAIRNESS ACT § 9, Pub. L. No. 109-2 (2005) ("CAFA"), because the parties are allegedly citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $5,000,000. Plaintiffs filed a timely motion to remand on May 20, 2005.

## ANALYSIS

It is fundamental that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). For this reason, district courts must "interpret the removal statute narrowly," and any doubt regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As the party seeking to invoke the Court's jurisdiction, Mitchell Blind bears the burden of proving the existence of federal subject matter jurisdiction by "competent proof," *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995), which means "proof to a reasonable probability that jurisdiction exists." *Target Market Publishing, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1142 (7th Cir. 1998).

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A case may be removed to the district court "if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." 28 U.S.C. § 1452(a). Even if a removed claim is related to a bankruptcy case, however, abstention is appropriate in certain circumstances.

In this case, Mitchell Blind asserts that because Plaintiffs seek relief from Defendants

Jencraft Corporation ("Jencraft"), Menard, Inc. ("Menard"), and Ames Department Store ("Ames"), entities which have filed voluntary petitions for relief under the United States Bankruptcy Code, Plaintiffs' claim "may substantially affect the reorganization and liquidation plans of the Bankrupt Defendants, allocation of property among creditors, and the distribution of their assets." (*See* Doc. 1, para. 12.) Mitchell Blind further asserts that "at least one defendant may file a proof of claim against Jencraft for indemnification, and it is possible that other defendants also will do so." (*See* Doc. 1, para. 15.)

The Seventh Circuit takes a narrow view of "related to" jurisdiction – a dispute is "related to" a bankruptcy only when it "affects the amount of property available for distribution or the allocation of property among creditors." *In re Xonics*, 813 F.2d 127, 131 (7th Cir. 1987). This suit certainly cannot be said to meet this test. Plaintiffs have dismissed Jencraft, Menard, and Ames from this suit. (*See* Doc. 43.) Any claims for indemnification are nothing more than speculation.

Moreover, even if the action were properly removed, remand is appropriate pursuant to the doctrines of permissive abstention and equitable remand. Under 28 U.S.C. § 1334,

> Nothing in this section prevents a district court in the interest of justice or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Similarly, 28 U.S.C. § 1452, the provision which governs removal of actions related to bankruptcy proceedings, provides that "[t]he Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

The Seventh Circuit had identified numerous factors to be considered in the permissive abstention decision, including the extent to which state law issues predominate over bankruptcy

issues, the jurisdictional basis, if any, other than Section 1334, the degree of relatedness or remoteness to the main bankruptcy case, the likelihood that one of the parties was forum shopping by commencing the proceeding in the bankruptcy court, the existence of a right to a jury trial, and the presence in the proceeding of nondebtor parties. *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

In this case, the foregoing factors favor remand. Absent some argument that Plaintiffs' claims relate to the bankruptcy proceedings, the action was properly filed in Illinois state court, and it belongs in an Illinois state court – a venue which certainly has an interest in resolving matters concerning consumer fraud. Accordingly, under principles of permissive abstention and equitable remand, remand is appropriate.

Defendants' next argument that the CAFA applies to this action because it was filed on the date the CAFA was enacted by Congress, February 17, 2005, flies completely in the face of recent Seventh Circuit decisions. *See Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005); *Schorsch v. Hewlett-Packard Co.*, No. 05-C-3397, 2005 WL 1863412 (7th Cir. Aug. 8, 2005). As the Seventh Circuit stated in *Schorsch*, "creative lawyering will not be allowed to smudge the line drawn by the 2005 Act: class actions 'commenced' on or before **February 18, 2005**, remain in state court." *Id.* at *3 (emphasis added). This action was commenced on February 17, 2005. As Judge Posner opined earlier this month,

> companies that pressed for the enactment of the Class Action Fairness Act were doubtless acutely aware, as the bill that became the statute was wending its way through Congress en route to enactment, that the prospect of its enactment would spur the class action bar to accelerate the filing of state-law class actions in state courts. Doubtless the companies made their concerns known to Congress. The fact that Congress did not respond by writing 'removed' (or 'removed after the date of enactment but within 30 days of the

original filing') instead of 'commenced' is telling.

*Pfizer, Inc. v. Lott*, No. 05-8013, 2005 WL 1840046, at *2 (7th Cir. Aug. 4, 2005). The argument that the Act was actually enacted on the date it was passed by Congress (as opposed to the date it was signed by the President) lacks support from any authority.

Finally, the Court notes that removal would fail even in spite of the foregoing because Mitchell Blind has not properly identified the citizenship of each Plaintiff. Allegations based upon "information and belief" (*see* Doc. 1, para. 6) are insufficient to invoke this Court's jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Moreover, in *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited liability companies, are treated as citizens of every state of which any partner or member is a citizen. *Id*. at 316-17. The notice of removal says nothing about the citizenship of the members of Plaintiff Magnum Properties, L.L.C.

Plaintiffs are entitled to recover their costs in seeking remand to state court, *see Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000), and the request for fees and costs is granted.

## CONCLUSION

For the foregoing reasons, the motion to remand (Doc. 53) is **GRANTED**. This action is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. §§ 1452(b) and 1447(c). Plaintiffs' counsel shall file an affidavit setting forth the fees and costs incurred as a result of the removal on or before **September 2, 2005**.

**IT IS SO ORDERED.**

DATED:  08/24/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
