IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD ALSUP, ROBERT CREWS, and MAGNUM PROPERTIES, L.L.C.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| vs. ) | CIVIL NO. 05-287-GPM |
| ) | |
| **3-DAY BLINDS, et al.,** ) ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is again before the Court on Plaintiffs' compliance with the Court's August 24, 2005 remand order awarding fees and costs. (*Doc. 93*) Mitchell Blind and Shade Company has filed a memorandum in opposition to the request in which it disputes a portion of the requested fees because they relate to strategy employed by counsel to dismiss certain bankrupt defendants. (*Doc. 94*)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, but Mitchell

Blind has not rebutted the presumption. The fact that three bankrupt defendants were dismissed from the action was only one of several bases upon which the Court based its remand order. Accordingly, the Court finds all requested fees and expenses proper.

For the foregoing reasons, the pending motion (Doc. 93) is **GRANTED**, and Plaintiffs are awarded fees and costs in the amount of **$15,400.00.**

**IT IS SO ORDERED.**

DATED:  10/05/05

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge
